IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 316-001 |
| | ) | |
| DARRELL CORRELL HALL | ) | |

**O R D E R**

Before the Court are two pre-trial motions filed by Defendant Darrell Correll Hall.

**I.     Motion to Examine Physical Evidence**

The Court **GRANTS** Defendant's Motion to Inspect, Examine, and Test Physical Evidence, (doc. no. 55), subject to the following terms and conditions:

(a) Defense counsel must submit to the government a list of physical evidence to be tested or examined by experts;

(b) Defense counsel shall confer with the government's attorney to work out the availability of substances or materials to be tested;

(c) Any testing by defense experts must be completed within thirty days of the date of this Order;

(d) Defense counsel shall provide written notice to the government of any testing at least ten days in advance and shall permit government representatives to attend the testing; and

(e) The test or laboratory results obtained by defense experts shall be served upon the government not later than five days after the test.

## II. Motion for Jackson-Denno Hearing[1]

The one-page, boilerplate request for a Jackson-Denno hearing does not meet the particularity and evidentiary requirements of Eleventh Circuit case law or the Court's Local Criminal Rule 12.1. There are no citations to record evidence or an affidavit from Defendant offered in support of this conclusory motion questioning the "voluntariness of any statements made by Defendant." (Doc. no. 65.) The Court will provide Defendant until April 15, 2016, to file a particularized motion that, in compliance with Local Criminal Rule 12.1, supports every factual assertion with a cite to the existing record, an affidavit, or other evidence and includes a supporting memorandum of law. The burden is upon Defendant to allege facts that would, if proven true, entitle him to relief. United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994). Failure to cure the defects with the pending Jackson v. Denno motion will result in the Court treating that motion as a nullity.

SO ORDERED this 7th day of April, 2016, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Jackson v. Denno, 378 U.S. 368 (1964).