IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DARRELL CORRELL HALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 317-051 |
| | ) | (Formerly CR 316-001) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Darrell Correll Hall filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** without prejudice and this civil action be **CLOSED**.

### I. BACKGROUND

On February 3, 2016, a grand jury in the Southern District of Georgia indicted Petitioner on two counts of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). United States v. Hall, CR 316-001, doc. no. 1 (S.D. Ga. Feb. 3, 2016) (hereinafter "CR 316-001"). At the request of the government, United States District Judge Dudley H. Bowen, Jr., dismissed without prejudice one count against Petitioner. Id., doc. nos. 175, 178. The one remaining count was the subject of a jury trial held on October

24-25, 2016, resulting in Petitioner's conviction. Id., doc. nos. 184-97. Judge Bowen sentenced Petitioner to 108 months of imprisonment, three years of supervised release, a $100 special assessment, and a $3,500 fine; a judgment entered on March 1, 2017. Id., doc. no. 216.

Petitioner, through his court-appointed counsel, filed a notice of appeal on March 12, 2017. Id., doc. no. 219. That appeal currently pends before the Eleventh Circuit Court of Appeals. United States v. Hall, No. 17-11193-K (11th Cir. Mar. 15, 2017). Dissatisfied with the performance of counsel and the progress of his appeal, Petitioner filed the instant § 2255 motion, docketed on August 21, 2017, raising four grounds of ineffective assistance of counsel.[1] (Doc. no. 1.)

## II. DISCUSSION

"[A]bsent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief." United States v. Casaran–Rivas, 311 F. App'x 269, 272 (11th Cir. 2009) (*per curiam*) (collecting cases supporting dismissal of § 2255 motions as premature while direct appeal pending); see also United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990) ("The general rule is that a defendant may not seek collateral relief while his direct appeal is pending."), *modified on other grounds*, 910 F.2d 713 (11th Cir. 1990) (*per curiam*). Therefore, Petitioner may not pursue collateral relief and a direct appeal simultaneously.

Because Petitioner's direct appeal is currently pending before the Eleventh Circuit, and a review of his § 2255 motion reveals no extraordinary circumstances warranting

---

[1] The original motion was not signed, but upon prompting from the Clerk of Court, Petitioner has now submitted a completed signature page. (Doc. nos. 2, 3.)

immediate review, Petitioner's motion is premature and should be dismissed without prejudice.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of August, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA